UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROLAND HENDERSON, BH2947,<br>Petitioner,<br>v.<br>JEFF LYNCH, Acting Warden,<br>Respondent. | Case No. 21-cv-03799-SK  (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF Nos. 2 & 4) |

Petitioner, a state prisoner incarcerated at California State Prison, Sacramento (SAC), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Cruz County Superior Court. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

The petition is properly before the undersigned for initial review because Petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner was convicted by a jury of two counts of first-degree murder and found true the special circumstance that Petitioner committed multiple murders. At the conclusion of a sanity trial, the jury determined that Petitioner was same when he committed the murders. On September 11, 2018, the superior court sentenced Petitioner to two consecutive terms of life without the possibility of parole, imposed various fines and fees, and ordered restitution. Petitioner appealed.

On December 17, 2020, the California Court of Appeal struck a parole revocation fine and otherwise affirmed the judgment of the superior court.

On March 10, 2021, the California Supreme Court denied review.

On May 20, 2021, Petitioner filed in this Court the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including prejudicial instructional error, prejudicial admission and exclusion of evidence, and ineffective assistance of counsel. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF Nos. 2 &4) is GRANTED.

2. The clerk shall serve electronically (1) a copy of this order and (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service) upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on Petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: June 9, 2021

_____
SALLIE KIM
United States Magistrate Judge